UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JORGE ANGEL LUNA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　　Respondents. | Case No. 2:25-cv-02504-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioner Jorge Angel Luna is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 1 ¶¶ 1, 6. He entered the United States in 2008 and was apprehended by immigration officers on December 4, 2025. *Id.* ¶¶ 6, 12. To date, he has not had a custody redetermination hearing before an Immigration Judge, as the government has determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* ¶ 31; *see* Dkt. 7 at 4.

On December 9, 2025, Angel Luna filed a petition for writ of habeas corpus, arguing that his mandatory detention violated the Immigration and Nationality Act because he was entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 25–31. On December 16,

Federal Respondents filed a return to the habeas petition. Dkt. 7. Angel Luna filed a traverse the next day. Dkt. 8. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.   DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

--- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

On November 25, 2025, in *Maldonado Bautista v. Santacruz*, the U.S. District Court for the Central District of California certified a Bond Eligible Class, comprised of the following individuals:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

--- F.R.D. ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

In the habeas petition, Angel Luna acknowledges the similarity between *Maldonado Bautista* and *Rodriguez Vazquez* and argues that he is entitled to relief as a member of the *Maldonado Bautista* Bond Eligible Class. Dkt. 1 ¶¶ 25–31. Federal Respondents express their disagreement with both *Maldonado Bautista* and *Rodriguez Vazquez*, but they do not oppose Angel Luna being considered a member of the *Rodriguez Vazquez* Bond Denial Class for the purposes of this habeas case. Dkt. 7 at 2–4. However, they assert that Angel Luna cannot claim membership in "both classes simultaneously." *Id.* at 4. In the traverse, Angel Luna claims that he is a member of the Bond Denial Class. Dkt. 8 at 2.

The Court agrees with the parties that Angel Luna is a member of the *Rodriguez Vazquez* Bond Denial Class. And given the substantial similarity between the two class definitions, any noncitizen detained at NWIPC who is eligible for membership in the *Maldonado Bautista* Bond Eligible Class will likely be a member of the *Rodriguez Vazquez* Bond Denial Class. Having so concluded, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Angel Luna is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Angel Luna has thus shown that his

mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Jorge Angel Luna's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 18th day of December, 2025.

Tiffany M. Cartwright
United States District Judge